Jeffrey A. Koncius, State Bar No. 189803
  *koncius@kiesel-law.com*
Melanie Meneses, State Bar No. 286752
  *palmer@kiesel-law.com*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel:   310-854-4444
Fax:   310-854-0812

Abbas Kazerounian, State Bar No. 249203
  *ak@kazlg.com*
Jason Ibey, State Bar No. 284607
  *jason@kazlg.com*
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Tel:   800-400-6808
Fax:   800-520-5523

Joshua B. Swigart, State Bar No. 225557
  *josh@westcoastlitigation.com*
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Tel:   619-233-7770
Fax:   619-297-1022

Attorneys for Plaintiff
JEANETTE WELLS-LIPTON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JEANETTE WELLS-LIPTON, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> JTH TAX. INC. d/b/a LIBERTY TAX SERVICE, <br><br> Defendant. | **CASE NO.:** <br><br> **CLASS ACTION** <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.** <br><br> **JURY TRIAL DEMANDED** |

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**CLASS ACTION COMPLAINT**

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

## INTRODUCTION

1.    JEANETTE WELLS-LIPTON (hereinafter "Ms. Lipton" or "Plaintiff) brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of JTH TAX, INC. d/b/a LIBERTY TAX SERVICE (hereinafter "LIBERTY" or "Defendant") in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.    Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

2.    This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. § 227(b).

3.    Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Los Angeles, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; (iii) the harm to Plaintiff occurred within this district; and (iv) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

(a)    is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district, and is therefore also subject to personal jurisdiction in this district; and

(b)    does substantial business within this district.

## PARTIES

4.  Plaintiff is, and at all times mentioned herein was, a citizen and resident of the County of Los Angeles, State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**CLASS ACTION COMPLAINT**

5.    Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation incorporated in the State of Delaware. Defendant is, and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153(39).

6.    Defendant's principal place of business is in Virginia Beach, Virginia.

7.    Defendant is in the business of assisting with tax return preparation.

8.    According to Defendant's website, "JTH Tax, Inc." does "business as Liberty Tax Service."

## FACTUAL ALLEGATIONS

9.    Based on information and belief, Plaintiff alleges that Defendant utilizes bulk SPAM text messaging to send unsolicited text messages to consumers for marketing purposes, regardless of whether those consumers are customers of Defendant.

10.    On or about December 26, 2014, at approximately 9:20 a.m., Defendant or its agent sent an unsolicited marketing text message from Short message script number 801-23 to Plaintiff's cellular telephone that reads:

> (LIBERTYTAXS) Happy Holidays from Liberty Tax! Come get $50 CASH & download your W2 today! Bring a friend & get another $50! Start with your last paystub!

11.    On or about December 27, 2014, at approximately 1:25 p.m., Plaintiff responded to this text message, stating:

> Where are u located? What's your website to find a location near me?

12.    Rather than respond to Plaintiff's request to send her location information or a website for Plaintiff to find that information, on or about January 19, 2015, at approximately 4:34 p.m., Defendant sent an unsolicited marketing text message from telephone number (562) 239-2212 to Plaintiff's cellular telephone that reads:

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**CLASS ACTION COMPLAINT**

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

> Hi Justin, Happy New Year! It's Tax Time! Come by & get $50 cash! Exp: 02/15/2015. Rhonda at Liberty Tax :-)

13.     Shortly thereafter, and prior to January 21, 2015, Plaintiff responded to this text message, stating:

> Stop bothering me.  This spam is illegal in texts! U can be sued for this

14.     On or about January 21, 2015, at approximately 12:16 p.m., Defendant sent an unsolicited marketing text message from telephone number (562) 239-2212 to Plaintiff's cellular telephone that reads:

> Hi Justin, Happy New Year! It's Tax Time! Come by & get $50 cash! Exp: 02/15/2015. Rhonda at Liberty Tax :-)

15.     Shortly thereafter, and prior to receiving the next unsolicited text message on January 23, 2015, as set forth in the following paragraph, Plaintiff responded to this text message, stating "Stop!"

16.     On or about January 23, 2015, at approximately 2:04 p.m., Defendant sent an unsolicited marketing text message from telephone number (562) 239-2212 to Plaintiff's cellular telephone that reads:

> Hi Justin, Happy New Year! It's Tax Time! Come by & get $50 cash! Exp: 02/15/2015. Rhonda at Liberty Tax :-)

17.     On or about January 28, 2015, at approximately 5:46 p.m., Defendant sent an unsolicited marketing text message from telephone number (562) 239-2212 to Plaintiff's cellular telephone that reads:

> Hi Justin, Happy New Year! It's Tax Time! Come by & get $50 cash! Exp: 02/15/2015. Rhonda at Liberty Tax :-)

**CLASS ACTION COMPLAINT**

18.    When a person calls (562) 239-2212, there is a prerecorded voice that states "Thank you for calling Liberty Tax."

19.    At no time did Plaintiff consent to receive text messages from Defendant.

20.    Plaintiff has never had any business relationship with Defendant.

21.    Plaintiff never provided her cellular telephone number to Defendant for any purpose.

22.    Defendant obtained Plaintiff's cellular telephone number by unknown means.

23.    Through these unsolicited text messages, Defendant contacted Plaintiff on Plaintiff's cellular telephone regarding an unsolicited service via an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A).

24.    This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

25.    This ATDS also has the capacity to send text messages without human intervention to cellular telephone numbers stored in a list or database.

26.    The telephone number Defendant sent text messages to was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls and text messages pursuant to 47 U.S.C. § 227(b)(1).

27.    These text messages constitute calls using an artificial or prerecorded voice pursuant to 47 U.S.C. § 227(b)(1)(A).

28.    These text messages constitute calls made not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

29.    At no time prior to sending the text message to Plaintiff alleged in ¶ 10 above did Defendant inform Plaintiff that Defendant would send marketing text messages to Plaintiff's cellular telephone number.

30.    Plaintiff did not provide Defendant or its agent prior express consent to receive text messages, including unsolicited marketing text messages, to her cellular

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**CLASS ACTION COMPLAINT**

telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

31.    Even if Plaintiff had provided prior express written consent to receive text messages from Defendant alleged in ¶ 10 above, such consent was expressly revoked on January 21, 2015 (*see* ¶ 13 above) and January 23, 2015 (*see* ¶ 15 above) when Plaintiff again requested Defendant to stop sending text messages.

32.    The unsolicited text messages by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1)(A)(iii).

## CLASS ACTION ALLEGATIONS

33.    Plaintiff brings this action on her behalf and on behalf of all others similarly situated.

34.    Plaintiff represents, and is a member of the Class, consisting of:

All persons within the United States who were sent an unsolicited text message by Defendant and/or its agent and/or employee/s within the four years prior to the filing of this action.

35.    Furthermore, Plaintiff represents, and is a member of the Sub-Class, consisting of:

All persons within the United States who were sent a text message by Defendant and/or its agent and/or employee/s after the person had sent Defendant a text message stating "Stop" or similar language, in response to a text message from Defendant and/or its agent and/or employee/s, within the four years prior to the filing of this action.

36.    Defendant and its employees or agents are excluded from the Class and Sub-Class (collectively the "Classes"). Plaintiff does not know the number of members in Class, but believes the number of members in the Class is in the thousands, if not more. Plaintiff does not know the number of members in Sub-Class, but believes the number of members in the Sub-Class is in the hundreds, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

**CLASS ACTION COMPLAINT**

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

37.    Plaintiff and members of the Classes were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an unsolicited SPAM text message/s and/or illegally contacted Plaintiff and the members of the Classes via an ATDS and/or an artificial or prerecorded voice on their cellular telephones, thereby causing Plaintiff and the members of the Classes to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the members of the Classes previously paid, and invading the privacy of said Plaintiff and the members of the Classes.  Plaintiff and the members of the Classes were damaged thereby.

38.    This suit seeks only statutory damages and injunctive relief for recovery of economic injury on behalf of the Classes, and is expressly not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to modify or expand the Class and Sub-Class definitions to seek recovery on behalf of additional persons as warranted facts are learned in further investigation and discovery.

39.    The joinder of the members of the Classes is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Classes can be identified through Defendant's records or Defendant's agents' records.

40.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Classes predominate over questions which may affect individual members of the Classes, including, but not limited to, the following, and the answers to those questions are apt to drive the resolution of the litigation:

(a)    Whether, within the four years prior to the filing of the Complaint, Defendant or its agents initiated any unsolicited text message/s to the members of the Classes (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system and/or an

**CLASS ACTION COMPLAINT**

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

artificial or pre-recorded voice and/or SMS texting system, to any telephone number assigned to a cellular phone service;

(b)     Whether Plaintiff and the members of the Classes were damaged thereby, and the extent of damages for such violation;

(c)     Whether Defendant and its agents should be enjoined from engaging in such conduct in the future; and

(d)     Whether Plaintiff and the Classes are entitled to any other relief.

41.     As a person who received at least one unsolicited marketing text message without Plaintiff's prior express written consent, Plaintiff asserts claims typical of the Class.  As a person who received at least one unsolicited marketing text message without Plaintiff's prior express written consent after Plaintiff opted out of any further text messages by texting "Stop," Plaintiff asserts claims typical of the Sub-Class. Plaintiff will fairly and adequately represent and protect the interests of the Classes, in that Plaintiff has no interest antagonistic to any member of the Classes.

42.     Plaintiff and the members of the Classes have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Classes will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, members of the Classes could afford to seek legal redress for the wrongs complained of herein.

43.     Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

44.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal law.  The interest of members of the Classes in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.

**CLASS ACTION COMPLAINT**

Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

45.    Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole.

46.    Plaintiff anticipates providing notice to the members of the Classes by direct mail notice and/or publication notice by internet website.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 ET SEQ.

47.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

49.    As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Classes are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

50.    Plaintiff and the Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 ET SEQ.

51.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

9                    **CLASS ACTION COMPLAINT**

52.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

53.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Classes are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

54.    Plaintiff and the Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Classes the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

•    As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each member of the Classes $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

•    Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

•    Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

•    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each member of the Classes $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

10

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

DATED: March 16, 2015                    Respectfully submitted,

**KIESEL LAW LLP**

By:      */s/ Jeffrey A. Koncius*
         Jeffrey A. Koncius
         Melanie Meneses

**KAZEROUNI LAW GROUP, APC**
         Abbas Kazerounian
         Jason Ibey
         245 Fischer Avenue, Unit D1
         Costa Mesa, CA 92626
         Telephone: (800) 400-6808
         Facsimile: (800) 520-5523
         Email: ak@kazlg.com
         Email: jason@kazlg.com

**HYDE & SWIGART**
         Joshua B. Swigart
         2221 Camino Del Rio South, Suite 101
         San Diego, CA 92108
         Telephone: (619) 233-7770
         Facsimile: (619) 297-1022
         Email: josh@westcoastlitigation.com

Attorneys for Plaintiff
JEANETTE WELLS-LIPTON

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

11                                    **CLASS ACTION COMPLAINT**

# TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: March 16, 2015          Respectfully submitted,

                               **KIESEL LAW LLP**


                               By:    */s/ Jeffrey A. Koncius*
                                      Jeffrey A. Koncius
                                      Melanie Meneses

                               **KAZEROUNI LAW GROUP, APC**
                                      Abbas Kazerounian
                                      Jason Ibey
                                      245 Fischer Avenue, Unit D1
                                      Costa Mesa, CA 92626
                                      Telephone: (800) 400-6808
                                      Facsimile: (800) 520-5523
                                      Email: ak@kazlg.com
                                      Email: jason@kazlg.com

                               **HYDE & SWIGART**
                                      Joshua B. Swigart
                                      2221 Camino Del Rio South, Suite 101
                                      San Diego, CA 92108
                                      Telephone: (619) 233-7770
                                      Facsimile: (619) 297-1022
                                      Email: josh@westcoastlitigation.com

                               Attorneys for Plaintiff
                               JEANETTE WELLS-LIPTON

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**CLASS ACTION COMPLAINT**